## NEW YORK CLOTHING MFRS. EX-CHANGE, Inc., et al. v. SHIKLER et al.

### Civ. No. 10356.

United States District Court
E. D. New York.
Nov. 27, 1950.

Darby & Darby, New York City, (Morris Relson, New York City, of counsel), for plaintiffs.

Winkelman & Winkelman, New York City (Emanuel R. Posnack, New York City, of counsel), for defendants.

BYERS, District Judge.

This is a plaintiffs' motion for summary judgment under Fed.Rules Civ.Proc. rule 56, 28 U.S.C.A., which discloses an unusual situation in the procedural sense.

The complaint seeks a declaratory judgment of invalidity or non-infringement or both, of defendants' Letters Patent No. 2,194,100 for trouser waistband and method of fastening same.

An existing controversy seems to be alleged in paragraphs 8 and 10, although it is not so designated, in that (par. 8) defendants are "publicly asserting * * * that said Letters Patent is infringed by waistband closures manufactured by plaintiff Ackerman and by other members of plaintiff Exchange, and has charged plaintiff Ackerman and other members of plaintiff Exchange with infringement of said Letters Patent".

The earlier allegations identify plaintiff as a membership corporation of New York "with a principal place of business at 45 East 17th Street, New York, New York"; the plaintiff Ackerman, and the defendants.

That this is an action for declaratory judgment under cited statutes; that the business of Ackerman, and other members of the Exchange includes the manufacture and sale of men's clothing including trousers and slacks.

Paragraph 9 in six subdivisions alleges the invalidity of the said Patent; paragraph 10 alleges knowledge on the part of the defendants of the business of Ackerman and other members of the Exchange; that no infringement suit has been brought but has been threatened, and that Ackerman and other members propose to continue their business "incorporating such closure fasteners * * * and are advised that they have (that) right * * * without the continued threat by defendants of a patent infringement suit * * *".

The Answer contains admissions and denials appropriate to the defendants' cause, and eight separate defenses which in effect challenge the legal status of the plaintiffs to institute and maintain a class action as contemplated by Rule 23(a), F.R.C.P.

The counterclaim contains nine paragraphs (19 to 27, inclusive) reciting the Patent, the expenditure of money in developing the invention thereof and its commercial value.

Paragraphs 23 and 24 charge in general that the Exchange and Ackerman and other members, "and plaintiff Exchange as agent for said other members" have infringed, contributed to, encouraged and aided in the infringement of the Patent, as stated; and that the purchasing public has been confused, misled and deceived thereby; that plaintiffs have advertised the invalidity of said Patent and the same persons have conspired to influence other members of the Exchange to infringe, etc., and will so continue unless enjoined.

That the omission of the names of such other members (from the process and pleadings) was willful and in violation of defendants' rights.

The prayer for relief is that such names be revealed, and the said persons made parties; that validity and infringement be declared; for an injunction against assertions of invalidity and non-infringement, and for an accounting.

A Reply was seasonably filed (December 20, 1949) containing a qualified denial of paragraph 23 of the counterclaim, and a denial of each and every allegation of paragraph 24, and so much of paragraph 25 as alleges that the omission of names as averred, was willful and in violation of defendants' rights; also a denial that the plaintiffs are deriving profits from the complained of acts, which the counterclaim alleged in paragraph 27.

At that stage, the issues as made were as to validity, infringement, and unfair competition by the manufacturers for whom the Exchange was acting, and by business disparagement by the Exchange. So the matter rested for ten months, when the plaintiffs brought this motion based upon the pleadings, answers to interrogatories, affidavits by one Levy, Secretary of the Exchange, and Raymond Ackerman, Secretary of the corporation Simon Ackerman Clothes, Inc., co-plaintiff; and the consent order of September 29, 1950, terminating this action as to that company.

From these it appears that the Ackerman corporation has taken a license under the Shikler Patent and has thus removed itself from this case.

There remains only the Exchange, which seems no longer to desire to litigate validity and infringement, since there are no other members "who have consented to become parties to this litigation or who have authorized the Exchange to bring this action".

As to that, it could ask for leave to dismiss (rule 23(c), F.R.C.P.), were it not for the counterclaim which seeks affirmative relief. The motion, however, is for summary judgment "of non-infringement on the complaint and dismissal of the counterclaim".

The opposing affidavit is argumentative rather than factual, and the Court is left somewhat in the dark as to what evidence the defendants propose to adduce on the trial, reliance being had upon their right

to pursue the litigation which plaintiffs initiated, and which invited inquiry into the conduct of which defendants complain.

What that conduct was, cannot be wholly gathered from the Levy affidavit, for the purposes of this motion. It is not enough that plaintiff Exchange seems to have undertaken more than it can perform, but none the less would like the award of a summary judgment.

The point discussed at argument, concerning the capacity of the Exchange either to infringe or indulge in the asserted unfair competition, seems to have been considered in Sperry Products, Inc., v. Association of American Railroads et al., 2 Cir., 132 F.2d 408, at pages 410 and 412, 145 A.L.R. 694, as to an unincorporated association. Probably a membership corporation is not to be distinguished therefrom with respect to an alleged tort, and if such be demonstrated, it becomes "that of the members generally".

If the conditions were reversed and the Exchange were to charge unfair use of the Patent against the patentee, and the complaint contained sufficient allegations to support the action on behalf of the membership, it would not be dismissed, if the case of National Hairdressers' & Cosmetologists' Ass'n, Inc., et al., v. Philad Co., D.C., 3 F.R.D. 199, were to be followed. This decision suggests the propriety of not dismissing this counterclaim as a matter of law.

■ It has not been overlooked that the First to Seventh Defenses pleaded in the Answer are not consistent with the substance of the counterclaim as above described (or with defendants' opposition to this motion), but that condition was anticipated by Rule 8(e) (2).

■■ It results that the defendants' pleading and the Reply, put into issue questions which cannot be resolved on this motion (perhaps validity is not now at issue but this is not clear), but which can be adequately disposed of only at trial.

Motion for summary judgment denied.

Settle order.