38 C.C.P.A. (Patents)

GOODALL–SANFORD, Inc. v. LANDERS CORP.

Patent Appeal No. 5763.

United States Court of Customs and Patent Appeals.

Feb. 27, 1951.

O'Connell, J., dissented in part.

Benjamin Burrows, New York City, for appellant.

Charles W. Owen, Toledo, Ohio, (Owen & Owen, Toledo, Ohio, of counsel), for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

This is an appeal in a cancellation proceeding pursuant to the provisions of the Trade-Mark Act of February 20, 1905, from a decision of the Commissioner of Patents, 81 U.S.P.Q. 291, affirming that of the Examiner of Interferences dismissing a petition by appellant to cancel the registration of the expression "Palmtex."

Appellee, in its answer to the petition, filed a counterclaim praying for the cancellation of appellant's registrations for the expression "Palm Beach." The counterclaim was dismissed by the Examiner of Interferences and no appeal was taken by appellee to the Commissioner. Therefore, the disposition of the counterclaim will not be considered here.

It appears that the trade-mark of appellant was duly registered in the United States Patent Office on February 15, 1916, Registration No. 108,511 (renewed), as applied to piece goods consisting of mohair piece goods, woolen piece goods, and piece goods of combinations of cotton, wool, mohair, alpaca, camel hair, silk, and artificial silk. The registration was issued to Goodall Worsted Company, the corporate name of which was changed on October 3, 1944, to Goodall-Sanford, Inc., and notice thereof was filed in the Patent Office on November 14, 1944. Appellant also owns Registration No. 97,416, dated June 2, 1914 (renewed), of its mark as applied to wool piece goods; knitted, netted, and textile fabrics. In addition to the words "Palm Beach" the registrations show palm branches associated therewith.

The registered mark of appellee, No. 418,697, is dated January 8, 1946, on an application filed February 8, 1945. It is applied to treated cotton textile piece goods for use in making work gloves and is alleged to have been continuously used and applied to said goods in appellee's business since June, 1931. The mark consists of the word "Palmtex" in arcuate

form over a representation of a gauntlet glove.

Appellant sets out as grounds for cancelling appellee's registered mark the usual allegation that it bears so close a resemblance to the mark "Palm Beach" as to be likely to cause confusion in trade, and that the marks of the parties are used on goods of the same descriptive properties. Appellant also alleged that appellee had not used the trade-mark "Palmtex."

Testimony was taken by both parties and many exhibits were introduced. Briefs were filed and the parties were represented by counsel at the hearing.

It appears that appellant, a corporation organized under and by virtue of the laws of the state of Maine, is engaged in the manufacture of textile fabrics and has been using its trade-mark on its manufactured goods since about 1909. The textile fabrics are sold to various merchants and manufactured by them into lightweight summer clothing such as suits, neckties, hats, caps, dresses, shirts, suspenders, and the like. The manufacturers of those finished products are issued a license by appellant and, affixed to the manufactured product, is a label upon which the appellant's trade-mark appears.

Appellee is an Ohio corporation and is engaged in the business of coating and processing textile fabric materials, primarily of cotton and jute. Its trade-mark is applied to a heavy napped cotton textile which has been treated with a combination of crude or synthetic rubber or plastic materials thoroughly impregnating the fabrics so that after treatment the fabric is a coated, heavy, leather-like material. The material is designed solely for use as a leather substitute on the palms of work gloves. It appears that it is waterproof and durable, possesssing high tensile strength, resistance to abrasion and generally has all the qualities that are sought for in an industrial work glove.

The goods of appellee are sold only in the bolt and only to licensed manufacturers of work gloves. The sales are made by direct and indirect solicitation by correspondence and the furnishing of samples.

Appellee's mark does not appear on the finished product.

The Examiner of Interferences held that the products of the parties are in no degree competitive in character and that they are sold to different classes of purchasers for essentially unrelated uses. He observed that there was some testimony offered on behalf of appellant to the effect that possibly appellant's Palm Beach products could be used in the manufacture of gloves. He stated, however, that it would not be commercially practical to use the fabric for such a purpose and that such mere possibility may not properly enlarge the scope of right which appellant might otherwise possess in its mark, citing, among others, the case of Procter & Gamble Co. v. Sweets Laboratories, Inc., 137 F.2d 365, 30 C.C.P.A., Patents, 1294.

The examiner was of opinion that the marks of the parties have substantial differences in that "Palmtex" is a coined, unitary word and "Palm Beach" is a generally familiar expression; that the word "Palm" possesses different meanings as used in the marks of the parties. The examiner dismissed the petition of appellant holding that the differences between the marks and also between the goods of the parties are amply sufficient to warrant a concurrent use in trade without likelihood of confusion.

The Commissioner in his decision observed that the attitude of the courts has been liberal in the interpretation of the phrase "goods of the same descriptive properties" as applied to textile fabrics. He held that in the instant case the products of the parties differ so much in appearance, characteristics, and potential use that there was a grave doubt whether or not under liberal rules they possess the same descriptive properties.

The Commissioner stated that even if there were doubt that the marks were so alike as to cause likelihood of confusion, such doubt would be dispelled when the marks of the parties are considered with the differences in the goods. He cited in support of that holding Puerto Rico Distilling Co. v. Coca-Cola Co., 120 F.2d 370,

28 C.C.P.A., Patents, 1143; and Ciba Pharmaceutical Products, Inc. v. Abbott Laboratories, 121 F.2d 551, 28 C.C.P.A., Patents, 1315.

With respect to the contention by counsel for appellant that the counterclaim for cancellation of appellant's registration and by certain testimony appellee conceded that the marks are confusingly similar, the Commissioner stated that the record did not sustain appellant's contention and the pleading of inconsistent matter is authorized by the rules.

On the question of the alleged nonuse of the mark by appellee, the Commissioner held that the record did not sustain the claim of nonuse.

It is our opinion that the tribunals of the Patent Office committed no error. It is clear to us that while, broadly, the goods of the parties may be held to possess the same descriptive properties, they are so utterly different in quality, texture, appearance, and use that it would not be good sense to state that they possess such common properties as to bring them within the liberal interpretation referred to by the Commissioner.

As to the marks themselves, it is clear that they have not the same sound, that their meanings are utterly different, and that there is no similarity in appearance. Since in our opinion, the marks are not at all alike and the goods to which they are applied are radically different from each other and the manner of purchase and sale so distinctly different, we are convinced that they may both be concurrently used as applied to the respective goods without any likelihood of confusion.

We agree with the holding below that the claimed right of natural and normal extension of business is untenable on the record here.

We are satisfied, as were the tribunals of the Patent Office, that the record in no way supports the contention of appellant that no trade-mark use was shown by appellee of its mark.

With respect to the contention by counsel for appellant that appellee is now estopped from denying that there is confusing similarity between the marks because of its counterclaim seeking the cancellation of the mark of appellant, it is clear that under Rule 8 (e)(2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. it is proper to plead inconsistent defenses whether based on legal or equitable grounds or both. M. Snower & Co. v. United States, 7 Cir., 140 F.2d 367.

We deem it unnecessary to discuss the many cases that have been cited by both parties for the reason that it would unduly lengthen this opinion.

For the reasons herein stated, the decision of the Commissioner is affirmed.

Affirmed.

O'CONNELL, Judge (concurring in part and dissenting in part).

I agree that the decision of the Commissioner of Patents, acting through Daniels, former Assistant Commissioner of Patents, should be affirmed. I am unable, however, to accept the doctrine expressed in the language upon which the questions here in issue have been determined in the prevailing opinion. In that respect, I wholly agree with the well reasoned views upon which the Assistant Commissioner of Patents based his conclusion in the reported decision, 81 U.S.P.Q. 291.