**HOOK & ACKERMAN, Inc. et al. v. HIRSH et al.**

**Civ. No. 3615–50.**

United States District Court, District of Columbia.

March 22, 1951.

Robert I. Dennison, Washington, D. C., for plaintiffs.

Almon S. Nelson, Washington, D. C., for defendants.

CHARLES F. McLAUGHLIN, District Judge.

Plaintiff Hook & Ackerman, Inc., has brought this action based upon alleged damage to its business due to unfair competition and patent infringement on the part of the defendants, Hirsh and Pomponio doing business as the A & H Plumbing Supply Co., and W. S. Allen doing business as the Allen Equipment Company. Plaintiff has impleaded C. Howard Hook and W. W. Miller individually and doing business under the name of Hook and Miller Co., and John A. McCrance and Harold S. Ackerman as involuntary plaintiffs on the ground that said involuntary plaintiffs have held or still hold some right, title or interest in the patent which is the subject of this action. The involuntary plaintiffs filed an answer, pleading both to jurisdictional facts and the merits, and in addition asserted a counterclaim against the plaintiff seeking an award for treble damages based upon alleged violation of the anti-trust laws. Plaintiff then brought a cross-bill against the involuntary plaintiffs.

This cause now comes before the court on a motion by the involuntary plaintiffs to dismiss the action and cross-bill upon the following grounds:

(1). Failure to state a claim upon which relief may be based.

(2) Improper venue and lack of jurisdiction since said involuntary plaintiffs are not located within the District of Columbia.

The Court is asked to consider the motion as one for summary judgment under rule 12(b), Fed.Rules Civ.Proc. 28 U.S. C.A.

■ Although rule 12(b) permits the joinder of the defense of lack of jurisdiction with any defense on the merits and therefore a party although actually before the court does not waive his jurisdictional defenses, it would not appear that this liberality afforded by the Federal Rules of Civil Procedure may be extended to a situation where, as here, the party files a counter action seeking affirmative relief. In such a case the party submits himself to the jurisdiction of the court, and therefore the motion to dismiss based upon arguments going to the venue and jurisdiction is overruled.

■ Plaintiff's action is based upon two counts, (1) unfair competition and (2) patent infringement. When, as here, the court is asked to grant summary judgment there is only one consideration present. And that is whether or not there is a genuine issue of fact present. It would appear to this Court that the determination of whether or not the defendant, and involuntary plaintiffs, are liable for the alleged practices necessarily involves issues of fact which cannot be considered under the present motion, and said motion to dismiss based upon failure to state a claim is therefore overruled.

■ With regard to the contention of the movants that the plaintiff is not before the Court with "clean hands" and this court sitting in its equity jurisdiction should therefore refuse to entertain the action; it would appear that such a conclusion is necessarily based upon the determination of the merits of plaintiff's allegations and so, at this posture of the case, such a plea to the Court's discretion would not properly be within the scope of the Court's determination.

■ The involuntary plaintiffs further contend that in the case of Hook v. Hook & Ackerman, 3 Cir., 187 F.2d 52, it was held that Hook and Ackerman, Inc., is the owner of the legal title to the patent in question and could be sued without joining the assignor Ackerman as an indispensable party and that in the circumstances the involuntary plaintiffs are not proper parties in this action. The fact that assignor Ackerman was held not to be an indispensable party under the particular circumstances of that case does not lead this Court to the conclusion that Hook and Ackerman, Inc., may not join as involuntary plaintiffs individuals alleged by it to have an interest in the patent and to assert against such parties any cross-bill consistent with the cause of action pleaded.

Counsel for plaintiff will prepare proper Order.