**KEIL LOCK CO., Inc., a corporation, Plaintiff,**

v.

**EARLE HARDWARE MANUFACTURING CO., a corporation, and Benjamin Kupetz and Sidney Kupetz, a partnership, doing business as Arden Hardware Co., Defendants.**

United States District Court
S. D. New York.
Aug. 27, 1954.

Harry Price, New York City, for plaintiff.

William J. Ruano, Pittsburgh, Pa., for defendants.

WALSH, District Judge.

In this action for damages for patent infringement, one of the defendants, Earle Hardware Manufacturing Company, moves to quash service of process and to dismiss the complaint as to it for lack of jurisdiction. The answer to the complaint contained defenses on the merits, a counterclaim, and, for Earle Hardware only, the defense of lack of jurisdiction over the person.

Earle Hardware is a Pennsylvania corporation. Upon oral argument plaintiff's attorney conceded that Earle Hardware was not properly served and could not be served in this district because it does not "reside" nor does it have a "regular and established place of business" within the district. 28 U.S.C.A. § 1400(b).

 Plaintiff's main contention is that defendant has waived this objection to the jurisdiction and has voluntarily appeared by setting forth a counterclaim in the answer. The objection is without merit. Rule 12(b), Fed.Rules Civ. Proc., 28 U.S.C.A. expressly provides that every defense available to a party, including a counterclaim, shall be asserted in a responsive pleading and that no defense or objection is waived by being joined with another. Thus the distinction between special and general appearances is abolished. Schlaefer v. Schlaefer, 71 App.D.C. 350, 112 F.2d 177, 130 A.L.R. 1014; Gerber v. Fruchter, 2 Cir., 147 F.2d 120. The defense of want of jurisdiction of the person is not waived by being joined in the answer with a defense to the merits or with a counterclaim. Moore's Federal Practice, 2d Ed., Vol. 2, p. 2260; Blank v. Bitker, 7 Cir., 135 F.2d 962; Sadler v. Pennsylvania Refining Co., D.C.W.D.S.C., 33 F.Supp. 414.

Although it has been held that a party submitted himself to the jurisdiction of the court by asserting a counterclaim in his answer (Hook & Ackerman, Inc., v. Hirsh, D.C.D.C., 98 F.Supp. 477) I am of the opinion that the better view is that such a joinder does not bar the defense of lack of jurisdiction over the person. Sadler v. Pennsylvania Refining Co., supra.

Plaintiff argues further that a motion to dismiss for lack of jurisdiction over the person cannot be made after answer. While Rule 12(b) requires such a motion to be made before answer, the defense of want of jurisdiction of the person raised by answer may be determined before trial on application of a party. Rule 12(d); Moore's Federal Practice, 2d Ed., Vol. 2, pp. 2274–2275; Sadler v. Pennsylvania Refining Co., supra.

Motion to quash service and to dismiss the complaint for lack of jurisdiction over the person granted.