**BEAUNIT MILLS, INC., Plaintiff,**

v.

**INDUSTRIAS REUNIDAS F. MATA-RAZZO, S.A., Defendant.**

United States District Court
S. D. New York.
May 12, 1959.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for plaintiff.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant.

CASHIN, District Judge.

This is a motion by plaintiff pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order striking the third and fourth affirma-tive defenses from the amended answer of the defendant as being insufficient in law. Plaintiff's complaint is for damages for breach of contract. A counterclaim asserted in the amended answer is for damages resulting from plaintiff's fraud-ulent inducement of defendant into enter-ing into the same contract.

The third affirmative defense asserts lack of jurisdiction over the person of the defendant, and the fourth affirmative defense asserts improper venue. Plain-tiff claims that the defenses should be stricken as insufficient since, by affirma-tively seeking the aid of the court in as-serting a counterclaim, the defenses of lack of jurisdiction and improper venue are automatically waived.

It is clear that before the promulgation of the Federal Rules of Civil Procedure the relief requested by the plaintiff would be warranted. Merchants Heat & Light Company v. J. B. Clow & Sons, 1907, 204 U.S. 286, 289, 290, 27 S.Ct. 285, 51 L.Ed. 488. Defendant contends, however, that the provisions of Rule 12(b) of the Federal Rules of Civil Procedure have effected a change in the previously pre-vailing law. Rule 12(b) reads, in rele-vant part, as follows:

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (2) lack of juris-diction over the person, (3) improp-er venue, * * *. No defense or ob-jection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. * * *".

Only one case in this jurisdiction has considered the precise question raised herein. In that case, Keil Lock Co. v. Earle Hardware Manufacturing Co., D.C. S.D.N.Y.1954, 16 F.R.D. 388, the Court

interpreted the provisions quoted above as effecting the change in law contended for by defendant. Support for the conclusion of the court in that case can be found in Sadler v. Pennsylvania Refining Co., D.C.W.D.S.C.1940, 33 F.Supp. 414, wherein the identical result was reached with no discussion, and in 2 Moore's Federal Practice (2d Ed. 1948), at pages 2219–2220 and at page 2260.

■ I feel constrained to disagree with the authorities just cited. If the words "a claim, counterclaim, cross-claim, or third-party claim" refer back to the word "defense" then the last sentence quoted above would be determinative of the law and compel a denial of the present motion. It was on this basis that the court in the Keil Lock case reached its conclusion. However, as I interpret Rule 12(b), the terms "claim, counterclaim, cross-claim, or third-party claim" refer back, not to the term "defense" but rather to the term "claim for relief in any pleading". This interpretation seems clear since a reading of the sentence indicates that the term "claim, counterclaim, cross-claim, or third-party claim" following the word "whether" are all-inclusive. They are all-inclusive if they refer back to claims since these are the only methods of stating a claim. However, there are many other defenses, such as those listed in the subsequent part of Rule 12(b), and those listed in Rule 8(c). My interpretation is buttressed by the fact that Rule 8(c) expressly distinguishes between a defense and a counterclaim when it uses the following words:

> "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

My interpretation is not without authority since this same point was decided, in accordance with my interpretation, in

the case of Hook & Ackerman, Inc. v. Hirsh, D.C.D.C.1951, 98 F.Supp. 477.

In addition, there are cases decided subsequent to the promulgation of the Rule where, at least in *dicta*, the seeking of affirmative relief by way of counterclaim was thought to be a waiver of the defenses of lack of personal jurisdiction and improper venue. Thus, in Freeman v. Bee Machine Co., 1943, 319 U.S. 448, at page 453, 63 S.Ct. 1146, at page 1149, 87 L.Ed. 1509, the Supreme Court stated:

> "Petitioner [defendant] was personally served in the state court action. After the removal of the cause he entered a general appearance and defended on the merits. He also filed a counterclaim in the action. *He thus invoked the jurisdiction of the federal court and submitted to it."* (Emphasis supplied.)

The Court of Appeals for the Seventh Circuit similarly stated in the case of Switzer Brothers, Inc. v. Chicago Cardboard Co., 1958, 252 F.2d 407, at page 411:

> "Moreover, the plaintiff corporation effectively waived any issue of venue by answering Radiant's counterclaim and by filing its own counterclaim against Radiant. It not only waived venue but again submitted itself to the jurisdiction of the Court as a defendant to the counterclaim."

A similar result was reached in Noerr Motor Freight, Inc. v. Eastern Railroad Presidents Conference, D.C.E.D.Pa.1957, 155 F.Supp. 768, with the following language at page 838:

> "Over and above that, and with the Conference fully aware that the question of venue and jurisdiction was to be determined at trial, the Conference itself joined in the filing of the counterclaim against the plaintiffs. By such action the Conference thereby waived any objections which it might have to venue

or jurisdiction over the person of the association."

Nor has the Court of Appeals for the Second Circuit been silent in analogous situations. While in neither case was the assertion of counterclaims involved, in both Marcus v. Otis, 2 Cir., 1948, 168 F.2d 649, 659 and Hadden v. Rumsey Products, 2 Cir., 1952, 196 F.2d 92, 95, the seeking of affirmative relief by a party was held to waive any jurisdictional defenses.

 Defendant argues that it is in an intolerable situation since Rule 13(a) makes the assertion of the counterclaim pleaded compulsory and thus it is by the rules compelled to waive its jurisdictional defenses. Defendant's apprehension is not well-founded. Rule 12(b) provides that the defenses involved herein may at the option of the pleader be made by motion before answer. Even if the determination of the factual issues raised would require the taking of testimony, a hearing could be set down prior to answer. Perhaps the court in its discretion might decline to determine the issues pre-trial. In that event, the assertion of a compulsory counterclaim, which was coerced by Rule 13(a), would not be a voluntary submission to the court's jurisdiction, and thus the defenses, having been seasonably raised before the assertion of the counterclaim, would be preserved. Cf. Baltimore & Ohio R. Co. v. Thompson, D.C.E.D.Mo.1948, 80 F.Supp. 570, 574. In any event, in the instant case the defendant can find no aid in the fact that the counterclaim pleaded is compulsory since, in paragraph "9" of the amended answer, it stated that the court's jurisdiction of the counterclaim was based not only on the fact that it arose out of the same transaction pleaded in the complaint but also because "this is a claim by a citizen of the United States of Brazil against a citizen of the State of New York and the matter in controversy, exclusive of costs and interests (*sic*), exceeds the sum and value of Ten thousand dollars ($10,000)." Clearly, therefore, defendant is originally and affirmatively invoking the jurisdiction of the court and thus is voluntarily subjecting itself to that jurisdiction.

The motion is granted.

Settle order.