TEXTRON, INC., Plaintiff,

v.

MALONEY–CRAWFORD TANK AND MANUFACTURING COMPANY and Maloney-Crawford Tank Corporation, Defendants.

Black, Sivalls & Bryson, Inc., Intervenor.

Civ. A. No. 65–H–661.

United States District Court
S. D. Texas,
Houston Division.
Feb. 11, 1966.

Vinson, Elkins, Weems & Searls, Houston, Tex., for plaintiff.

Baker, Botts, Shepherd & Coates, Houston, Tex., for defendant Maloney-Crawford Tank and Mfg. Co.

Head & Johnson, Tulsa, Okl., and James T. Wright, Houston, Tex., for defendant Maloney-Crawford Tank Corp.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for intervenor Black, Sivalls & Bryson, Inc.

INGRAHAM, District Judge.

This action, brought under the patent laws, is before the court on four motions:

(1) *Motion of defendant Maloney-Crawford Tank and Manufacturing Company to dismiss for want of personal jurisdiction and improper venue.*

■ Venue in patent cases is governed by 28 U.S.C.A. § 1400, which provides that such cases may be brought in the judicial district where the defendant resides, or whether the defendant has committed acts of infringement and has a regular and established place of business. This defendant by affidavit of its Secretary-Treasurer asserts that it neither resides in this district nor has a regular place of business here, and moves to dismiss for improper venue. The motion is properly raised, is unopposed, and will be granted.

(2) *Motion of defendant Maloney-Crawford Tank Corporation to dismiss for want of personal jurisdiction and improper venue.*

■ This defendant wisely does not press its motion to dismiss for want of personal jurisdiction, but concentrates on its contention that venue does not lie in this district. The defense of improper venue can be waived, Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939), and it is the opinion of the court that this defendant has waived its right to raise the defense here.

■ The complaint in this case was filed October 8, 1965. This defendant filed an answer and counterclaim on November 1, 1965, and on December 17, 1965, filed this motion to dismiss. The law is clear that the defenses of improper venue and want of personal jurisdiction are waived if not raised *prior to or at the time of answer.* Federal Rules of Civil Procedure, Rule 12(h). 1A Barron and Holtzoff, Federal Practice and Procedure, Sec. 370, and cases cited therein. Defendant, however, asserts that it did in fact object to venue in Paragraph 4 of its answer. This paragraph reads in full as follows:

"Answering Paragraph 4 of the Complaint, defendant admits that the Complaint purports to state a cause

364

of action under the patent laws of the United States, U.S. Code Title 28, Sections 1338 and 1400. Defendant, however, is without knowledge or information sufficient to form a belief as to the truth of the allegations thereof and therefore denies the same."

 This general denial is not sufficient to raise a question of venue. Defendant has put the merits of the case in issue without raising the venue question, and consequently has waived its right to the defense. Cf. Heyward v. Public Housing Administration, 238 F.2d 689 (5 C.A., 1956). Furthermore, defendant has sought affirmative relief by way of counterclaim, and this action in itself constitutes waiver. Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943). Kincade v. Jeffery-De Witt Insulator Corporation, 242 F.2d 328 (5 C.A., 1957). Southern Trust Co. v. Austin, 30 F.2d 893 (5 C.A., 1929). North Branch Products, Inc. v. Fisher, 109 U.S.App.D.C. 182, 284 F.2d 611 (1960), cert. den. 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961). See also the discussion in Beaunit Mills, Inc. v. Industrias Reunidas F. Matarazzo, S.A., 23 F.R.D. 654 (S.D.N.Y., 1959). Defendant Maloney-Crawford Tank Corporation having waived its right to assert the defense of improper venue, the motion to dismiss will be denied.

(3) *Motion of plaintiff Textron, Inc. for leave to file an answer to defendant Maloney-Crawford Tank Corporation's counterclaim.*

 Counsel for plaintiff asserts that he did not notice that a counterclaim was included in the answer of defendant Maloney-Crawford Tank Corporation, and consequently failed to answer. He now moves for leave to file such answer. The motion will be granted.

(4) *Motion of Black, Sivalls & Bryson, Inc. for leave to intervene.*

 Movant has acquired title to the patent in suit and to all claims for infringement thereof. The motion to intervene will be granted.

The clerk will notify counsel to draft and submit appropriate orders.