UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2005[*]
Decided May 9, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1012

| | |
|---|---|
| KEVIN THOMAS,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>HARRY W. FOSTER III and<br>SANDRA MICHELLE REID,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Indian, Fort Wayne Division<br><br>No. 1:04-CV-212<br><br>Theresa L. Springmann,<br>*Judge.* |

## O R D E R

After change-of-custody proceedings in Allen Circuit Court, Kevin Thomas brought this suit under 42 U.S.C. § 1983 against Sandra Reid, the mother of his child; Harry Foster, her attorney; and the state court judge who presided over the case, essentially claiming that they had conspired to deny him due process. He sought declaratory relief and $950,000 in damages. The district court dismissed the judge based on principles of immunity and the *Rooker-Feldman* doctrine, which precludes federal subject matter jurisdiction over claims that seek review of a state

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

court's decision. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S.Ct. 1517, 1521-22 (2005). The court then gave Thomas leave to amend his complaint to state any claims against the remaining defendants that did not seek review and rejection of the state court's judgment. After determining that the amended complaint failed to do so, the district court dismissed the case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Thomas's brief is so deficient that we have no choice but to dismiss the appeal under Fed. R. App. P. 28(a)(9). Under Rule 28, a brief "must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Even *pro se* litigants must submit briefs from which we can "discern cogent arguments." *Id.* Thomas's appellate brief largely restates the allegations in his complaint; he does not even refer to the district court's order or to the *Rooker-Feldman* doctrine. Thomas simply makes no argument as to how the district court erred. The appeal is therefore dismissed.

The appellees have moved for sanctions against Thomas under Fed. R. App. P. 38, arguing that he filed a meritless appeal for the purpose of depleting Reid's financial resources and harassing her. In considering a motion for sanctions, we must determine whether the appeal is frivolous, and if so, whether sanctions are appropriate. *Ins. Co. of the West v. County of McHenry*, 328 F.3d 926, 929 (7th Cir. 2003). An appeal is "frivolous" if it is so meritless that the result is foreordained. *See Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 658 (7th Cir. 2003); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989). Although Thomas's appeal is indeed frivolous, apart from his deficient brief we see little evidence of bad faith, *see Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 588 (7th Cir. 1994); *Reid v. United States*, 715 F.2d 1148, 1155 (7th Cir. 1983), such that sanctions would be appropriate. And as *pro se* litigant in a civil case, Thomas is entitled to some leniency before being assessed sanctions for frivolous litigation. *See Pryzina v. Ley*, 813 F.2d 821, 823-24 (7th Cir. 1987); *see also Bacon v. AFSCME Council #13*, 795 F.2d 33, 34-5 (7th Cir. 1986). However, we warn him that any future frivolous appeals will result in sanctions.

The motion for sanctions is DENIED and the appeal is hereby DISMISSED.