In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-3917

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LAWRENCE J. LIGAS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 930—**James F. Holderman**, *Chief Judge.*

ARGUED DECEMBER 3, 2007—DECIDED DECEMBER 1, 2008

Before BAUER, EVANS, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge.* Lawrence Ligas appeals the district court's grant of summary judgment to the government for $319,883.60 in unpaid taxes, interest, and penalties. Although Ligas raises multiple arguments in support of reversal, we need only consider one: lack of personal jurisdiction. The government never properly served Ligas.

It sought multiple extensions of time to effectuate service, asserting that if the case was dismissed for lack of personal jurisdiction, it could not be refiled because the statute of limitations had expired. After giving the government nearly a year to serve Ligas, the district court dismissed the government's complaint for failure to serve process as required under Rule 4 of the *Federal Rules of Civil Procedure*.

Because the government had imposed two liens on Ligas's property, Ligas subsequently asked the court to extinguish the liens. The district court treated Ligas's motion as a request for affirmative relief that waived his prior objection to personal jurisdiction and on that basis reinstated the government's complaint. That was an error. Although jurisdictional defenses may be waived, Ligas's motion to quash the tax liens was not inconsistent with his jurisdictional objection, which he continuously maintained and on which he prevailed when the district court dismissed the case under Rule 4(m). The government's tax liens were only valid if the government obtained a judgment against Ligas; removing them was a consequence of and consistent with the dismissal, since the government had maintained that the suit could not be refiled. Ligas's motion to quash was not a voluntary submission to the court's jurisdiction, so there was no basis to reinstate the government's complaint. Accordingly, we reverse and remand with instructions to dismiss.

## I.  Background

This case stems from Lawrence Ligas's failure to pay more than $300,000 in taxes, interest, and penalties. Between 1988

and 1990, Ligas reported that he owed $26,134 in individual federal income tax, but he did not submit payment when he filed his tax returns. In addition, Ligas was the president, sole stockholder, and director of L.J. Ligas, Inc., an electrical contracting company, and it, too, owed back taxes. More specifically, the company failed to pay $88,314 in income and FICA taxes it claimed it withheld from employee paychecks in the final three quarters of 1987 and the first quarter of 1988. In 1991 the Internal Revenue Service determined that Ligas was a responsible person of a corporation that willfully failed to pay taxes under I.R.C. § 6672 and assessed a penalty against him. When Ligas failed to pay these assessments, federal tax liens automatically attached to his property under I.R.C. § 6321. Although the IRS accidently released the liens in 2001, they were reinstated in 2003. As of 2005, the government calculated that Ligas owed $319,883.60.

On February 6, 2004, just before the 10-year statute of limitations expired, the government filed a complaint seeking to reduce to judgment the unpaid assessments of federal income taxes and the § 6672 penalty. Although Ligas received a copy of the complaint and summons in the mail, he refused to waive personal service of process. The government thus embarked on an unsuccessful 15-month effort to serve Ligas. When the government initially encountered difficulty serving Ligas within the normal 120-day period, it asked the district court for additional time. The district court granted two extensions of time to serve Ligas and on September 9, 2004, authorized service by publication as permitted by Rule 4(e)(1) and 735 Ill. Comp. Stat. 5/2-206.

In late 2004 the government missed two obvious chances to accomplish service. Following the district court's September 9 order authorizing service by publication, IRS agents left a copy of the summons and complaint at Ligas's residence, claimed service by publication was perfected, and moved for default judgment when Ligas did not answer the complaint. Appearing for the limited purpose of challenging the sufficiency of process, Ligas asked the court to vacate the September 9 order and quash the service by publication. At a hearing on December 7, 2004, the district court concluded that the government had not complied with the requirements of 735 Ill. Comp. Stat. 5/2-206 and quashed the service by publication. The court then invited the government to personally serve Ligas right then and there; he was present in court, having appeared pro se for the hearing. The government's attorney did not have a copy of the summons and complaint, however, and the opportunity was lost. The court gave the government a third extension—until January 19, 2005—to serve Ligas.

On January 31, 2005—after the third extension of time had expired—the government asked for a fourth extension. On March 1, 2005, the court granted the government's request and authorized service under Rule 4(e)(1) and 735 Ill. Comp. Stat. 5/2-203.1, which allows a court to order service "in any manner consistent with due process." The district court permitted the government to serve Ligas under section 5/2-203.1 by posting a copy of the complaint and summons on the door to Ligas's home, mailing copies of the complaint and summons to Ligas's home by first-class and certified mail, and by faxing the complaint and summons to the number listed on Ligas's pro se appearance form.

Ligas asked the court to reconsider the March 1 order (this time he was acting through an attorney), and the district court agreed. Two intervening developments persuaded the court to vacate its order. First, Labe Bank, which held a mortgage on Ligas's property and was added as a codefendant, had filed and successfully served a third-party complaint by using the sheriff's department to personally serve Ligas at his home.[1] Second, one of the private process servers the government used could not provide evidence of its pre-2005 attempts to serve Ligas. The district court was troubled by the fact that the government had not used federal or state agencies to try to serve process and instead relied on "seemingly inept process servers." Taken together, these developments convinced the court that the government had not diligently attempted to serve Ligas, had not shown good cause for its failure to serve Ligas, and was not entitled to a fourth extension of time. On May 17, 2005, the district court dismissed the complaint for failure to serve Ligas within the period of time prescribed by Rule 4(m). The dismissal was without prejudice, but the government

---

[1] While the government was trying to serve Ligas, it amended its complaint to add Labe Bank as a defendant. Labe Bank held the mortgage on Ligas's Chicago home, and the government wanted to foreclose its liens against Ligas's home. The bank filed a counterclaim against the United States to establish the priority of its lien and a third-party complaint against Ligas to foreclose its mortgage. On February 28, 2005, the bank successfully used a sheriff's deputy to personally serve Ligas at his home. The details of the bank's actions against the government and Ligas are otherwise irrelevant for purposes of this appeal.

had represented in its motions for extension of time that it could not refile the complaint because the statute of limitations had run.

Ligas immediately (that very same day) moved the court to quash the federal tax liens against his property. (This was not the first time Ligas had requested such relief; he had asked the court to remove the liens in his brief opposing the government's fourth request for an extension of time.) The government responded with a cross-motion asking the court to reconsider its May 17 order dismissing the complaint. In the government's view, when Ligas asked the court to extinguish the liens, he waived any objection to service of process and consented to personal jurisdiction.

In another about-face, the district court agreed. Construing Ligas's motion to quash the liens as a waiver of his previous objections to personal jurisdiction, the court vacated the dismissal order, reinstated the government's complaint, and denied the motion to quash. The case proceeded to discovery, and the district court eventually granted the government's motion for summary judgment and ordered Ligas to pay $319,883.60 in back taxes, interest, and penalties. This appeal followed.

## II. Analysis

A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999), and the service requirement is not satisfied merely because the defendant

is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint, *see McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). Acceptable methods for service of process are specified in Rule 4 of the *Federal Rules of Civil Procedure*; the preferred approach is for the plaintiff to mail the defendant a copy of the complaint and summons and obtain a waiver of personal service from the defendant under Rule 4(d). But if the defendant does not waive service and if no federal statute otherwise supplies a method for serving process, then Rule 4(e)'s list of methods is exclusive: personal service (Rule 4(e)(2)(A)); leaving a copy of the complaint and summons at the defendant's "usual place of abode" with someone of suitable age and discretion who resides there (Rule 4(e)(2)(B)); delivering a copy of the complaint and summons to an agent authorized to accept service (Rule 4(e)(2)(C)); or any other manner of serving process permitted by the law of the state where the district court sits (Rule 4(e)(1)).

Rule 4(m) generally requires a plaintiff to serve process within 120 days, but a plaintiff may move for additional time to serve the defendant. If the plaintiff shows good cause for his failure to accomplish service within the designated period of time, then the district court must grant an extension. *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). If the plaintiff cannot show good cause, then the decision to grant an extension is left to the discretion of the district court. *Henderson v. United States*, 517 U.S. 654, 662-63 (1996). When a plaintiff fails to serve process within the period of time prescribed by the federal rules, Rule 4(m) requires the district court to dismiss the complaint without prejudice.

The civil procedure rules also specify the manner by which a defendant may object to a plaintiff's failure to serve process. Under Rule 12(b) a defendant may move for dismissal based on the court's lack of personal jurisdiction, the insufficiency of process, or the insufficiency of service of process. FED. R. CIV. P. 12(b)(2), (4)-(5). However, unlike subject-matter jurisdiction, these objections can be waived. *See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). For example, if a defendant does not object to the manner in which he was served in his answer or his first motion to the court (whichever occurs first), he waives the objection. FED. R. CIV. P. 12(h)(1). Similarly, a defendant who properly raises a jurisdictional defense can nevertheless waive the defense by his subsequent conduct. *See Compagnie des Bauxites*, 456 U.S. at 702-07; *Trs. of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732-33 (7th Cir. 1991).

In this case, the district court correctly dismissed the government's complaint under Rule 4(m) for failure to serve Ligas within the designated—and here, much extended—time period. However, the court thereafter reversed course and reinstated the complaint based on Ligas's request to extinguish the tax liens, which the judge treated as a waiver of Ligas's previous objections to personal jurisdiction. We review the district court's decision to reconsider and vacate the dismissal order for an abuse of discretion. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). "A district court by definition abuses its discretion when it makes an error of law," *Koon v. United States*, 518 U.S. 81, 100 (1996), and here, the court committed

a legal error when it construed Ligas's motion to quash as a waiver of his objection to personal jurisdiction.

A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The district court thought this case fell within the first category, holding that Ligas's effort to extinguish the tax liens was a significant change in the facts before the court. But nothing new indicated that Ligas had been properly served after all or that the government had in fact shown good cause and was consequently entitled to a fourth extension of time to accomplish service. Rather, the district court simply interpreted Ligas's motion to quash the liens as a request for affirmative relief that waived his previously asserted jurisdictional objection.

That interpretation flowed from an erroneous legal conclusion about the effect of Ligas's motion on his prior jurisdictional objection. Under the circumstances of this case, Ligas's motion is closely analogous to an answer that includes both a jurisdictional defense and a counterclaim. The general rule is that a defendant does not waive an asserted jurisdictional defense when his answer also requests relief in the form of a counterclaim, a cross-claim, or a third-party claim. *See, e.g., Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1308 (Fed. Cir. 2005); *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 (9th

Cir. 1984); *Chase v. Pan-Pac. Broad., Inc.*, 750 F.2d 131, 132 (D.C. Cir. 1984). As these cases explain, the federal rules permit defendants to simultaneously seek relief and raise a jurisdictional defense without waiving that defense. In some cases, the requested relief is completely unconnected to the jurisdictional argument, such as when a defendant files a counterclaim unrelated to the merits of the plaintiff's claim. *See, e.g.*, *Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1372 (Fed. Cir. 2002) (noting that personal jurisdiction is not waived "where an unrelated claim is brought as a permissive counterclaim against the plaintiff" if the proper jurisdictional objection is raised by motion or answer). In other cases, the sought-after relief is consistent with the jurisdictional objection because a court's decision to grant the relief is simply the logical extension of a ruling in the defendant's favor on jurisdictional grounds. *See Neifeld v. Steinberg*, 438 F.2d 423, 425 n.4 (3d Cir. 1971) (declining to find defendant waived jurisdictional objection when it filed a motion to extinguish a writ of attachment and a motion to dismiss for lack of jurisdiction).

Ligas's request to extinguish the tax liens falls into this second category of cases because the liens were unenforceable once the district court dismissed the government's complaint. The tax liens were valid only to the extent that the government could have prevailed against Ligas. Although our dissenting colleague maintains that "the government's case was not *obviously* destroyed by the dismissal of its complaint," *infra* p. 15, the government itself thought so; the government had consistently maintained that it could not refile the lawsuit because the statute of limitations had

expired.[2] Ligas's motion to extinguish the liens was a logical extension of the jurisdictional dismissal of the complaint, following necessarily from the court's Rule 4(m) order. In opposing the government's fourth request for an extension of time, Ligas had asked the district court to remove the liens if it dismissed the complaint. By renewing that request after the Rule 4(m) dismissal, Ligas did not voluntarily submit to the jurisdiction of the court.

The district court apparently thought that because Ligas had alternative methods of extinguishing the tax liens that required him to submit to a court's jurisdiction, his effort to seek such relief in this proceeding constituted a waiver of his jurisdictional objection. It is true that Ligas had other procedural avenues to remove the liens. For example, under I.R.C. § 6325(a)(1), the Secretary of the Treasury must release a lien within 30 days after the liens become "legally

---

[2] An additional observation about the statute-of-limitations issue is appropriate. There is a difference between dismissing a suit without prejudice and dismissing a suit with leave to reinstate; after a dismissal without prejudice, the plaintiff can resurrect his lawsuit only by filing a new complaint. *See Richmond v. Chater*, 94 F.3d 263, 267-68 (7th Cir. 1996). We have previously implied that when the statute of limitations prevents a lawsuit that has been dismissed under Rule 4 from being refiled, reinstatement is not possible either. *See McLaughlin*, 470 F.3d at 701. At the same time, Rule 60(b) *may* permit a district court in some circumstances to reinstate a suit it erroneously dismissed without prejudice, but the district court did not rely on Rule 60(b) as the basis for reconsidering and vacating its order dismissing the government's complaint.

unenforceable," which would not occur until the final judgment was entered against the government. If the Secretary did not release the liens, then Ligas could have brought suit under I.R.C. § 7432 for damages. Similarly, Ligas could have filed a separate action under 28 U.S.C. § 2410 to quiet title, or he could have waited until the government filed a second lawsuit to assert the statute-of-limitations defense.

However, the existence of these alternative remedies does not make Ligas's motion to quash the tax liens improper, nor does it mean that by making the motion he waived his objection to personal jurisdiction. Just as the assertion of a counterclaim does not waive an asserted jurisdictional defense, Ligas's motion to quash did not waive the jurisdictional objection he maintained throughout the proceedings.[3] The motion to quash was not at all inconsistent with his long-standing jurisdictional objection. To the contrary, like the Fifth Circuit, "we cannot fathom how a motion *premised* on a jurisdictional objection could simultaneously operate as a *waiver* of that very objection." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 461 (5th Cir.

---

[3] In response to Labe Bank's third-party suit against him to foreclose his mortgage, Ligas apparently wanted to refinance the mortgage. As he pointed out, as long as the federal tax liens remained on the home, any refinanced mortgage would be inferior to the federal tax liens. Given that Ligas reasonably believed no lender would agree to refinance his home as long as the federal tax liens remained on his property, Ligas understandably wanted the liens removed as soon as possible to increase his chances of successfully refinancing his home.

2001); *cf. Neifeld*, 438 F.2d at 425 n.4, 431 (affirming district court's decision to simultaneously dismiss a case for lack of jurisdiction and quash a writ of attachment).

Nor did Ligas waive his objection by subsequently filing an answer and litigating the merits of the government's complaint. We have previously held that a defendant does not waive a jurisdictional argument when it properly raises the defense but participates in litigation at the district court's direction. *See IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998). In short, given that Ligas had consistently maintained his objection to personal jurisdiction and only entered limited appearances for that purpose, we cannot identify anything to support the government's contention that Ligas waived his service-of-process objection.

The government nonetheless argues that the district court's decision to reinstate its complaint was proper because the government served Ligas on March 15, 2005, in accordance with the district court's March 1, 2005 order authorizing service pursuant to Rule 4(e)(1) and 735 Ill. Comp. Stat. 5/2-203.1. The problem for the government is that even if it properly served Ligas under section 5/2-203.1, the period of time in which Rule 4(m) required it to serve Ligas had already elapsed. At the time the district court ordered the government's complaint dismissed, it had given the government until January 19, 2005, to serve Ligas. True, the district court's March 1 order extended the time for service beyond that date, but the court vacated this order and quashed the alternative service when it dismissed the government's complaint. We have concluded that the

court's decision to reconsider and vacate this dismissal order was premised upon a legal error and must be reversed.

Ligas was never properly served, and the court's decision to reconsider and vacate the Rule 4(m) dismissal order and reinstate the complaint was based on a legally erroneous conclusion that Ligas's motion to quash waived his objection to personal jurisdiction. Accordingly, we REVERSE the judgment of the district court and REMAND the case to the district court with instructions to dismiss the complaint.

EVANS, *Circuit Judge*, dissenting. The majority concludes that Ligas's motion to quash tax liens did not waive his previous objection to service of process and invest the district court with personal jurisdiction. I disagree.

In the first instance, it is somewhat regrettable that we are squabbling over service of process; Ligas was clearly dodging service and gaming the system. But service of process represents an important value on the whole—notice to defendants that they are being sued—even if it seems like a frustrating formality from time to time (as in this case where Ligas *knew* the government was after him). *See United States v. Jiles*, 102 F.3d 278, 282 (7th Cir. 1996) ("[S]ervice of process laws are designed to ensure defendants receive

notice in accordance with concepts of due process."); *cf. McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) ("Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4.").

The question here, however, is not whether service of process was effectuated. The district court, Chief Judge Holderman presiding, decided that it was not, and the case is only before us now because the court shifted course and subsequently found that Ligas waived his previously sustained objection. As to the issue of waiver, the majority holds that Judge Holderman erred as a matter of law because Ligas's request to extinguish the liens was "simply the logical extension of a ruling in the defendant's favor on jurisdictional grounds."

Is that so? Judge Holderman thought not, and I tend to agree.

The problem I see with the majority's reasoning is that the government's case was not *obviously* destroyed by the dismissal of its complaint on service of process grounds. Since the dismissal was *without prejudice*, the government had the ability to lodge a new complaint and make a fresh run at service of process. True, the government was in a bad spot in light of the statute of limitations. However, the district court ruling on service of process had nothing to do with the statute of limitations. The potential application of the statute of limitations, an affirmative defense that Ligas would have to prove even in the face of the government's statements that the suit might be time-barred, hinged on facts—including those pertaining to a likely argument for equitable tolling—that were not litigated. *See General Auto*

*Serv. Station v. City of Chicago*, 526 F.3d 991, 1001 (7th Cir. 2008) (the statute of limitations is an affirmative defense); *Travelers Cas. & Sur. Co. of Am., Inc. v. Northwestern Mut. Life Ins. Co.*, 480 F.3d 499, 504 (7th Cir. 2007) (equitable tolling "enable[s] a plaintiff to extend the statute of limitations in exigent circumstances"). So, while a *final* defeat for the government would have rendered the liens invalid, *see* 26 U.S.C. § 6325(a)(1), that defeat did not happen here, and extinguishing the liens did not "follow necessarily" from the dismissal without prejudice.

That may all seem like a hypertechnical approach to civil procedure. But keep in mind Judge Holderman's take: "Ligas has litigated this case on procedure." Ligas sought to avoid the merits of the lawsuit—and skirt hundreds of thousands of dollars in tax obligations, including remitting FICA taxes he withheld from his employees' paychecks—by evading service of process at every step. To say that Ligas was within his rights to demand service by the book is not to say that his approach was laudable. Under these circumstances, the district court's exacting application of procedure on the other end seems more than reasonable. The court simply gave Ligas a taste of his own medicine; those who live by the sword of procedural technicalities cannot complain when they die by it.

Because I do not believe the district court abused its discretion, I respectfully dissent.

---