NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**NAZIR KHAN, IFTIKHAR KHAN,**
*Plaintiffs-Appellants*

**v.**

**HEMOSPHERE INC., ET AL.,**
*Defendants-Appellees*

**MERIT MEDICAL SYSTEMS INC.,**
*Defendant-Cross-Appellant*

**HOSPITALS AND DOCTORS IMPLANTING
UNPATENTED HERO GRAFT TO DOCTORS, ET
AL.,**
*Defendants*

---

2019-1952, 2019-2394

---

Appeals from the United States District Court for the
Northern District of Illinois in No. 1:18-cv-05368, Judge
Virginia M. Kendall.

---

Decided:  August 13, 2020

---

NAZIR KHAN, IFTIKHAR KHAN, Burr Ridge, IL, pro se.

BRENT P. LORIMER, Workman Nydegger, Salt Lake City, UT, for defendant-cross-appellant and defendants-appellees Willaim J. Tapscott, James W. Campbell, Heather LeBlanc, Lee Forestiere, Edward Kim, Joy Garg Kaiser Permanente, Marius Saines, Gustavo Torres, Charles M. Eichler, Eric Ladenheim, Robert S. Brooks, Anne Lally, Matthew G. Brown, Abilio Coello, Howard E. Katzman, Stephen Wise Unger, Fernando Kafie, Robert Hoyne, Robert Brumberg, Murray L. Shames, Victor Bowers, Heidi A. Pearson, Jeffrey Pearce, Michael Klychakin, William Schroder, Jonathan R. Molnar, Christopher Wixon, Julio Vasquez, William Soper, Jeffrey Silver, Stephen Jensik, Gary Lemmon, Raghu L. Motagnahalli, Ruban Nirmalan, Chase Tattersall, William Ducey, Michael Willerth, Dennis Fry, Jeffrey Cameron, David Smith, Amit Dwivedi, Joseph Griffin, Albert Sam, Andrew Sherwood, Larry D. Flanagan, Thomas Reifsnyder, David B. Leeser, Andres Schanzer, Robert Molnar, Peter Wong, Kourosh Baghelai, Howard L. Saylor, Ty Dunn, William Omlie, James R. Rooks, Timothy C. Hodges, Eddy Luh, Pankaj Bhatnagar, Benjamin Westbrook, Yvon R. Baribeau, George Blessios, Gary Tannenbaum, Jason Dew, Jason Burgess, Paul Orland, James D. Lawson, Todd Early, Randal Bast, Clinton Atkinson, Jeff Stanley, Virginia Wong, Damian Lebamoff, Jonathan Velasco, Boris Paul, Walter Rizzoni, Jon R. Henwood, Carlos Rosales, Ellen Dillavou, Eugene Simoni, Alexander Uribe, Edward Beverly Morrison, Michael Gallichio, Angelo Santos, Chad Laurich, Eric Gardner, Stephen Settle, Blair Jordan, Tuan-Hung Chu, Stephen Hohmann, John C. Kedora, Hector Diaz-Luna, Luis G. Echeverri, Allen Hartsell, Jeffrey Martinez, Gerardo Ortega, Boulos Toursarkissian, Todd Smith, Mountain Medial Physician Specialists, Thomas Ross, Matthew J. Borkon, W. Andrew Tierney, Thomas Hatsukami, Herbert Oye, Thomas Winek, Allan Roza, Ignacio Rua, Sheppard Mondy, Alok K. Gupta, Brad Grimsley. Also represented by DAVID R. TODD, THOMAS R. VUKSINICK.

STEVEN MCMAHON ZELLER, Dykema Gossett PLLC, Chicago, IL, for defendants-appellees Hemosphere Inc., CryoLife Inc.

PATRICK R. JAMES, James, House, Downing & Lueken, PA, Little Rock, AR, for defendant-appellee Louis Elkins.

BRIAN DAVID SCHMALZBACH, McGuireWoods LLP, Richmond, VA, for defendants-appellees Mark Grove, Javier Alvarez-Tostado. Also represented by KATHRYN ANN CAMPBELL, EDWIN E. BROOKS, SARAH RASHID, Chicago, IL.

JENNIFER KURCZ, Baker & Hostetler LLP, Chicago, IL, for defendant-appellee Siddarth Patel. Also represented by ALAINA J. LAKAWICZ, Philadelphia, PA.

DAVID ALAN ROODMAN, Bryan Cave Leighton Paisner LLP, St. Louis, MO, for defendants-appellees Luis Sanchez, Patrick Geraghty. Also represented by BARBARA SMITH, JASON MEYER.

_____

Before PROST, *Chief Judge*, MOORE and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

These appeals arise from an action for patent infringement. Drs. Nazir Khan and Iftikhar Khan accused Hemosphere Inc., CryoLife Inc., and Merit Medical Systems, Inc., along with over 300 hospitals and individual physicians, of infringing a claim of U.S. Patent No. 8,747,344, directed to an arteriovenous shunt. The Khans challenge the district court's decision dismissing the action with prejudice for want of prosecution due to the Khans' insufficient and untimely service of their complaint and, alternatively, for improper venue and misjoinder. The Khans also challenge the district court's decisions granting the defendants'

motion for sanctions and denying the Khans' cross-motion for sanctions. Merit Medical cross-appeals the district court's decision denying its motion to declare the case exceptional and to award attorney fees under 35 U.S.C. § 285. Because the district court did not abuse its discretion in dismissing the action, granting the defendants' sanctions motion, denying the Khans' sanctions motion, or denying Merit Medical's motion for attorney fees under § 285, we affirm.

BACKGROUND

The Khans are Illinois physicians and have exclusive rights to the '344 patent. In their complaint filed on August 7, 2018, the Khans alleged that the defendant corporations, hospitals, and physicians directly and indirectly infringed claim 13 of the '344 patent by manufacturing or implanting into patients the accused HeRO® Graft shunt. The Khans sent a waiver of service of summons form and their complaint by mail to the over 300 defendants, the vast majority of whom resided and practiced outside of Illinois. With the exception of three physicians, none of the defendants returned a completed waiver form.

Following an initial status conference in November 2018, the district court dismissed without prejudice the Khans' claims against Merit Medical, CryoLife, and three physicians for improper venue. Order at 2–3, *Khan v. Hemosphere Inc.*, No. 18-cv-05368 (N.D. Ill. Jan. 23, 2019), ECF No. 76. According to the district court, the Khans had not contended that any of these defendants resided in the Northern District of Illinois, and the Khans had failed to plausibly allege that any of them infringed the asserted claim in the district and had a "regular and established place of business" in the district, as required under 28 U.S.C. § 1400(b). *Id.* at 2. The district court "caution[ed] plaintiffs to take heed of the potentially meritorious arguments raised by defendants thus far in considering the proper and most effective way to prosecute their case

going forward." *Id.* at 3. The district court also held its second status conference that same day. While the Khans insisted at the conference that they had completed proper service for all defendants, by that date—more than 150 days after the filing of the complaint—they had filed proof of waiver for only one defendant. In response to the Khans' argument that placing the waiver request in the mail is equivalent to service, the district court informed the Khans that a request to waive service is merely a request and that waiver by the defendants is not mandatory.

The district court subsequently denied the Khans' motion to reconsider the dismissal order because the motion "impermissibly rehash[ed] previously unsuccessful arguments." Order at 2, *Khan v. Hemosphere Inc.*, No. 18-cv-05368 (N.D. Ill. Feb. 13, 2019), ECF No. 84. The district court "again caution[ed] Plaintiffs that prosecuting a patent case of any size, much less one against three hundred defendants, is a complex endeavor," and that they "should carefully evaluate clearly established requirements set forth in governing statutes and other applicable authority so as not to unnecessarily occupy the time and resources of the Court and other involved parties." *Id.*

Thereafter, more than 100 of the remaining defendants filed 11 separate motions to dismiss on various grounds, including insufficient service, untimely service, improper venue, misjoinder, and lack of personal jurisdiction. A subset of the non-Illinois-resident defendants also moved for sanctions against the Khans pursuant to Rule 11 of the Federal Rules of Civil Procedure for the Khans' repeated assertions that venue was proper and that service was properly completed. The district court granted the motions and dismissed the claims against the defendants for want of prosecution. *Khan v. Hemosphere Inc.*, No. 18-cv-05368, 2019 WL 2137378, at *1 (N.D. Ill. May 16, 2019).

The district court held that dismissal of all remaining defendants was warranted due to the Khans' "insufficient

and untimely attempts at service." *Id.* at \*2.  The district court rejected the Khans' argument that they had complied with the requirements of Rule 4 of the Federal Rules of Civil Procedure by simply requesting waivers from the defendants.  *Id.*  The district court also found that the Khans had not attempted to personally serve any defendant.  *Id.*  Instead, the Khans asserted that they completed service by mailing the summons and complaint to the defendants, despite contrary instruction from the district court.  The district court explained that Rule 4(e) does not permit personal service via mail and the Khans had not identified any state laws that would otherwise allow service by mail.  *Id.*  The district court further found that the Khans had failed to comply with the timeliness requirement of Rule 4(m).  *Id.* at \*3.  In addition, the district court held that dismissal was warranted on the alternative grounds of improper venue under § 1400(b) and improper joinder under 35 U.S.C. § 299.  *Id.*

Next, the district court granted the non-Illinois-resident defendants' motion for sanctions based on the Khans' assertions regarding venue and service, which they had maintained despite repeated warnings and guidance from the court.  *Id.* at \*4–5.  The district court recognized that the Khans were proceeding pro se and thus were "entitled to some leniency before being assessed sanctions for frivolous litigation."  *Id.* at \*5 (quoting *Thomas v. Foster*, 138 F. App'x 822, 823 (7th Cir. 2005)).  But the district court explained that the Khans "not only acted in direct contravention to clear procedural rules, statutes, and governing law, but continued to do so after being repeatedly warned at hearings by the Court, in written orders, and in correspondence with defense counsel."  *Id.*  The district court thus found that it was "more than objectively reasonable to believe that the [Khans] should have known their positions on venue and service were groundless."  *Id.*  Accordingly, the district court ordered the Khans to pay attorney fees associated with the defendants' filing fees,

motions to dismiss, and motion for sanctions in the amount of $95,966.90.    Order at 1, *Khan v. Hemosphere Inc.*, No. 18-cv-05368 (N.D. Ill. July 15, 2019), ECF No. 175.

For their part, the Khans moved for sanctions against the physician defendants and their attorneys for alleged violations of Rule 11(b).  The district court denied the motion on the ground that the Khans failed to provide proper notice to the defendants of their motion under Rule 11(c) or properly present their motion to the court as required by the court's local rules.  *Id.* at 3.  The district court later denied the Khans' motion for reconsideration of the court's dismissal and sanctions orders.

Merit Medical thereafter moved the district court to declare the case exceptional and to award attorney fees under § 285 in the amount of $292,693.  The district court denied the motion.  Minute Entry, *Khan v. Hemosphere Inc.*, No. 18-cv-05368 (N.D. Ill. Sept. 4, 2019), ECF No. 213.  The district court found that the motion "cite[d] largely identical conduct that was previously before the Court on the initial motion for sanctions," and that "[t]he Court ha[d] already extensively considered this conduct in determining whether sanctions were appropriate and indeed ruled in Defendants['] favor on this matter."  *Id.*  The district court also found that, although the Khans had "litigated this case in an unorthodox manner," none of their conduct following the court's grant of sanctions could be considered "exceptional."  *Id.*

The Khans and Merit Medical appeal.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

The Khans request that this court reverse the decisions of the district court dismissing their complaint, granting sanctions against the Khans, and denying the Khans' motion for sanctions.  Merit Medical cross-appeals, seeking a reversal of the district court's order denying its motion for

attorney fees under § 285.  For the reasons discussed below, we discern no abuse of discretion in the district court's rulings and, accordingly, we affirm.

I

We first consider the Khans' challenge to the district court's dismissal of their complaint for failure to effectuate proper and timely service on the defendants as required under Rule 4 and, alternatively, for improper venue.

A

We apply the law of the regional circuit, here the Seventh Circuit, in resolving whether a district court properly dismissed a case for want of prosecution.  *See Bowling v. Hasbro, Inc.*, 403 F.3d 1373, 1375 (Fed. Cir. 2005).  The Seventh Circuit reviews a district court's dismissal for want of prosecution for an abuse of discretion.  *Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013); *see also Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (a district court's dismissal based on untimely service of process is reviewed for an abuse of discretion).

"A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (citations omitted).  Rule 4 specifies acceptable methods for service.  For instance, a plaintiff may request a waiver of service from a defendant by mailing a copy of the complaint, two copies of the waiver form, and a prepaid means for returning the form.  Fed. R. Civ. P. 4(d).  "But if the defendant does not waive service and if no federal statute otherwise supplies a method for serving process, then Rule 4(e)'s list of methods is exclusive." *Ligas*, 549 F.3d at 501.  Those methods consist of "following state law for serving a summons in an action

brought in courts of general jurisdiction in the state where the district court is located or where service is made"; "delivering a copy of the summons and of the complaint to the individual personally"; "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; and "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(*l*)(1).

Rule 4 also provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure," however, "the court must extend the time for service for an appropriate period." *Id.* A district court has the discretion to dismiss a complaint with prejudice "for want of prosecution if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute." *Williams*, 737 F.3d at 476 (citations omitted). A defendant may move to dismiss based on the court's lack of personal jurisdiction, the insufficiency of process, or the insufficiency of service of process. Fed. R. Civ. P. 12(b)(2), (4), (5).

Here, the district court properly exercised its discretion in dismissing the Khans' complaint due to their insufficient and untimely attempts at service. Although the Khans endeavored to obtain waivers from all of the defendants, with very few exceptions, the defendants did not return signed waiver forms. Thus, the Khans were required to serve the non-waiving defendants by the other methods set forth under Rule 4(e). *See Ligas*, 549 F.3d at 501. As the district court correctly observed, the Khans' mailing of the complaint and the summons does not constitute service under Rule 4(e).

The Khans argue that each defendant had a duty under Rule 4 to sign the waiver form and return it within 30 days or otherwise show good cause for not doing so. Appellants' Br. 13, 15. They contend that "service is complete when the signed waiver form is returned by the defendant and filed by the plaintiff for entry into the District Court." *Id.* at 13. In their view, the district court lacked jurisdiction to decide the motions to dismiss because the defendants did not return the waiver forms back to the Khans. *Id.* at 15–16.

The Khans misinterpret the provisions of Rule 4. While Rule 4(d) obligates defendants "to avoid unnecessary expenses of serving the summons," it does not require defendants to waive formal service. Fed. R. Civ. P. 4(d)(1). Nor did the defendants' decisions to forgo waiving service in this case strip the district court of its authority to decide the motions to dismiss on the basis of insufficient service. The Khans cite subsection (e) of Illinois statute 735 ILCS 5/2-201, in conjunction with Rule 4(e)(1), as permitting service by mail, but subsection (e) of Illinois statute 735 ILCS 5/2-201 does not appear to exist. The Khans also cite subsection (e) of Illinois statute 735 ILCS 5/2-202, but this subsection concerns the housing authority police force's service of process for eviction actions and is thus inapplicable to this civil action. The Illinois statute that governs service of individuals in civil actions is 735 ILCS 5/2-203, which does not allow service by mail. Absent proof under Rule 4(*l*) that proper service was made on any of the non-waiving defendants, the district court properly held that the Khans had failed to provide proper service.

The district court also correctly concluded that the Khans failed to comply with Rule 4(m)'s timeliness requirement. In the more than 250 days between the filing of the complaint and the district court's dismissal decision, nearly all of the over 300 defendants had not been properly served. The district court did not abuse its discretion in determining that the Khans did not show good cause to justify such

"extreme delay"—nearly three-fold the amount of time allotted to complete service. *Khan*, 2019 WL 2137378, at *3.

Accordingly, we conclude that the district court was well within its discretion to dismiss the complaint with prejudice for want of prosecution due to the Khans' insufficient and untimely service.

B

Turning to the issue of venue, the governing statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A "regular and established place of business" requires a "place of business" in the district, i.e., "a physical, geographical location in the district from which the business of the defendant is carried out." *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017). The place of business must be the defendant's, "not solely a place of the defendant's employee." *Id.* at 1363. We review de novo the question of proper venue under § 1400(b). *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1381 (Fed. Cir. 2019).

The district court correctly concluded that venue was improper under § 1400(b). As to Merit Medical, CryoLife, and the three physicians dismissed earlier in the action, the district court found that the Khans had not contended that any of these defendants resided in the district. The district court also found that the Khans had failed to plausibly allege that any of them infringed the asserted claim in the district or had a "regular and established place of business" in the district. As to the remaining defendants, the district court found that the complaint and related filings were "devoid of any facts establishing that the infringing acts occurred in" the district or that the defendants "reside in the district." *Khan*, 2019 WL 2137378, at *3. The district court also found that the Khans instead

"allege[d] that the acts of infringement took place in the states in which the Defendants reside," and that "nearly all of the Defendants are not residents of Illinois and are instead scattered throughout the country in dozens of different states." *Id.*

These findings remain largely unchallenged on appeal. Indeed, the Khans concede that their complaint names "more than 300 defendants residing in 43 states and two manufacturers who are on opposite sides of the country." Appellants' Br. 17. The Khans also admit that "the venue for non-Illinois defendant physicians is improper here." *Id.*; *see also id.* at 22 ("[T]he plaintiffs made it clear in our pleadings that the venue is improper for non-Illinois defendant physicians."); *id.* at 11 ("The totality of the record shows that the plaintiffs have never said that the venue is proper for the 106 non-Illinois defendant physicians."). The Khans instead focus their challenge on the district court's findings that Merit Medical and CryoLife each lack a "regular and established place of business" in the district. For instance, they contend that these corporations have sales representatives in the district that promote the accused HeRO® Graft shunt. *Id.* at 18. But the fact that certain *employees* live or conduct business in the district does not establish proper venue over *defendants* in the district. *See Cray*, 871 F.3d at 1363.

We are also unpersuaded by the Khans' contention that venue in the district is proper because it is the most convenient forum to all parties under 28 U.S.C. § 1404(a). Appellants' Br. 17. Section 1404(a) governs transfers of actions to other judicial districts for convenience; it does not set the standard for whether venue is proper. Section 1400(b) governs that issue, and the Khans have failed to convince us that the district court erred in determining that venue under that statute was improper.

We have considered the Khans' other arguments regarding service and venue, but do not find them

persuasive.    Accordingly, we conclude that the district court did not abuse its discretion in dismissing the action with prejudice.

## II

We next consider the Khans' challenge to the district court's decision granting the non-Illinois-resident defendants' motion for Rule 11 sanctions. We apply the law of the regional circuit, here the Seventh Circuit, to review an award of Rule 11 sanctions. *See Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2011) (citing *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1406–07 (Fed. Cir. 2004)). The Seventh Circuit reviews decisions regarding Rule 11 sanctions for an abuse of discretion. *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1079 (7th Cir. 2018) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

The district court properly exercised its discretion in sanctioning the Khans under Rule 11(b) for their frivolous arguments regarding venue and service of process. The district court found that the Khans had repeatedly asserted throughout the litigation that venue was proper in the Northern District of Illinois. In support of this argument, the Khans relied on this court's decision in *In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016), despite the fact that the Supreme Court had reversed that decision prior to the Khans' lawsuit, *see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). The district court also noted that it had cited the Supreme Court's *TC Heartland* decision both in its order granting Merit Medical's and CryoLife's motions to dismiss based on improper venue and in status hearings. Despite this guidance from the court, the Khans "again raised their baseless argument in their Motion to Reconsider." *Khan*, 2019 WL 2137378, at *4. The district court further found that the Khans' complaint "undercut[] any good faith basis for asserting venue is proper in th[e] district," since it alleged

that the non-Illinois-resident defendants' infringing acts occurred "at their addresses in their respective states." *Id.* (quoting Complaint at 41, *Khan v. Hemosphere Inc.*, No. 18-cv-05368 (N.D. Ill. Aug. 7, 2018), ECF No. 1). Finally, the district court found that the Khans had maintained their baseless assertion that service by mail was sufficient under Rule 4, again despite contrary guidance from the court. *Id.* at *5.

The Khans do not challenge any of these factual findings on appeal. Instead, they contend that sanctions are inappropriate because the defendants violated Rule 11(c)(2), which prohibits the filing of a sanctions motion "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Specifically, they argue that the defendants did not serve them with the sanctions motion more than 21 days prior to filing it with the district court. But the district court found the opposite—namely, that the defendants put the Khans "on notice of their intent to seek sanctions as early as September 24, 2018"—more than five months before they filed their sanctions motion in March 2019. *See Khan*, 2019 WL 2137378, at *5. The district court also found that the Khans were notified on several more occasions before the defendants moved for sanctions. *Id.* The Khans offer no response to the district court's finding that the defendants' "'early and often' approach in corresponding with [the Khans] regarding their desire to pursue sanctions no doubt satisfies the 21-day requirement of Rule 11(c)." *Id.*; *see also Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co.*, 649 F.3d 539, 552–53 (7th Cir. 2011) (concluding that "a letter informing the opposing party of the intent to seek sanctions and the basis for the imposition of sanctions" sent more than two years before the motion was filed was "sufficient for Rule 11 purposes" (citations omitted)).

The Khans also argue that a sanctions award cannot be based on their assertions regarding service and venue because such assertions are "ancillary issues" that are "unrelated to the merits of the claim." Appellants' Br. 24. The Khans cite Rule 41(b) of the Federal Rules of Civil Procedure and *Moeck v. Pleasant Valley School District*, 844 F.3d 387 (3d Cir. 2016), to support their argument. *Id.* at 24–25. Rule 41(b) provides that an involuntary dismissal or other dismissal except "for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 . . . operates as an adjudication on the merits," Fed. R. Civ. P. 41(b), but this rule does not preclude sanctions for frivolous venue and service assertions. The Khans' reliance on *Moeck* is similarly misplaced. In *Moeck*, the Third Circuit discerned no error in the district court's observations that the defendants' numerous sanctions motions were a "waste of judicial resources" and that discovery, motion practice, and trial were better vehicles than sanctions motions to determine the truth of a plaintiff's allegations. 844 F.3d at 389–92 & n.9. Nothing in *Moeck* suggests, however, that sanctions are precluded for frivolous venue and service assertions, even if those assertions are considered "ancillary" to the merits of a plaintiff's infringement claims.

We have considered the Khans' other arguments, but do not find them persuasive. Accordingly, we conclude that the district court did not abuse its discretion in granting the defendants' motion for sanctions.

III

We next consider the Khans' challenge to the district court's denial of their cross-motion for Rule 11 sanctions against the physician defendants and their attorneys. In their motion, the Khans sought $250,000 in damages based on the defendants' and their attorneys' alleged violations of Rule 11(b), including their "inadequate pre-filing investigation" preceding their sanctions motion and "prosecuti[on] [of] the case for [the] improper purpose of

harass[ing]" the Khans and "for causing mental anguish." Request for Sanctions, *Khan v. Hemosphere Inc.*, No. 18-cv-05368 (N.D. Ill. June 13, 2019), ECF No. 155.

We conclude that the district court did not abuse its discretion in denying the Khans' cross-motion for sanctions. The district court denied the motion for failure to comply with the safe harbor provisions of Rule 11(c) and the requirement of the district court's Local Rule 5.3(b) to accompany a motion with "a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented." The Khans do not address either of these defects on appeal. Instead, they merely reiterate that the defendant physicians and their attorneys should be sanctioned for their assertions that the HeRO® Graft shunt does not infringe the asserted claim of the '344 patent and for filing a motion for sanctions against the Khans. Under these circumstances, we conclude that the district court was well within its discretion to deny the Khans' cross-motion for Rule 11 sanctions.

IV

Lastly, we turn to Merit Medical's cross-appeal from the district court's decision denying its motion to declare the case exceptional and to award attorney fees in the amount of $292,693. "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* We review a district court's denial of a motion for attorney fees under § 285 for an abuse of discretion. *Highmark Inc.*

*v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 561, 564 (2014).

We conclude that the district court did not abuse its discretion in denying Merit Medical's motion for attorney fees under § 285. The district court found that the conduct described in the motion was largely identical to the conduct already presented in the defendants' earlier sanctions motion and was already considered by the court in granting sanctions against the Khans. The district court also determined that, although the Khans' litigation strategy was "unorthodox," their conduct following the district court's grant of sanctions did not rise to the level of "exceptional." The district court further found that the previous sanctions amount of $95,966.90 was appropriate and reasonable given the Khans' conduct in the case, but that imposing a three-fold increase in those fees was not warranted. We are unpersuaded that the district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Highmark*, 572 U.S. at 563 n.2 (quoting *Cooter & Gell*, 496 U.S. at 405).

Merit Medical cites *Rothschild Connected Devices Innovations LLC v. Guardian Protection Services, Inc.*, 858 F.3d 1383 (Fed. Cir. 2017), to support its argument that the district court "improperly conflated" Rule 11 with § 285 rather than accounting for the totality of the circumstances. Cross-Appellant's Br. 80. In *Rothschild*, the district court denied a motion for fees under § 285 based on its finding that the patent owner's "decision to voluntarily withdraw its complaint within [Rule 11's] safe harbor period [wa]s the type of reasonable conduct [that] Rule 11 is designed to encourage" and, thus, awarding fees under § 285 would "'contravene[] the aims of Rule 11['s]' safe-harbor provision." 858 F.3d at 1390 (latter three alterations in original) (quoting *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, No. 15-cv-1431, 2016 WL 3883549, at *2 (E.D. Tex. July 18, 2016)). We held that the district court's decision was contrary to the

Supreme Court's admonition that "[w]hether a party avoids or engages in sanctionable conduct under Rule 11(b) 'is not the appropriate benchmark'" for an award of fees under § 285. *Id.* (quoting *Octane Fitness*, 572 U.S. at 555).

By contrast, here, the district court considered the totality of the circumstances, including the Khans' litigation approach and the substantial overlap between the complained-of conduct in Merit Medical's motion and the earlier sanctions motion. Based on its assessment of the procedural history and parties' briefing, the district court determined that the Khans' conduct in this case—while sanctionable—was not so unreasonable so as to make this case one of the rare cases worthy of a three-fold increase in fees imposed against them. *Octane Fitness* gives district courts broad discretion in such exceptional-case determinations. We are not persuaded that the district court abused its discretion in determining that this case is not exceptional.

## CONCLUSION

For the foregoing reasons, we affirm the district court's decisions dismissing the action with prejudice, granting the defendants' motion for sanctions, denying the Khans' cross-motion for sanctions, and denying Merit Medical's motion for attorney fees under § 285. Because we have affirmed the district court's dismissal and award of sanctions based on the issues of insufficient service of the complaint under Rule 4 and improper venue, we need not reach the district court's determination of misjoinder.

## AFFIRMED

### COSTS

No costs.